| B 104<br>(Rev. 8/99) | **ADVERSARY PROCEEDING SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>Oksana Lytvynenko<br>Address<br>11280 Vista Sorrento Parkway Drive, Suite P-306<br>San Diego, CA 92120 | DEFENDANTS<br>John A. Tagliapietra                  Laura Smith<br>Address<br>P.O. Box 602                            1275 Green Orchard Pl.<br>Poway, CA 92074                    Encinitas, CA 92024 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>Dennis D. Burns<br>7855 Ivanhoe Avenue, Suite 420<br>La Jolla, CA 92037 | ATTORNEYS (if known)<br>Thomas Lockhart            Steven M. Bishop<br>7777 Alvarado Rd. #422     591 Camino De La Reina<br>La Mesa, CA 91941           San Diego, CA 92108 |

PARTY (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ■ 3 U.S. NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)

**Complaint for Non-Dischargeability of Debt Under 11 U.S.C. Section 523; Objection to Discharge Under 11 U.S.C. Section 727 and Declaratory Relief**

NATURE OF SUIT
(Check the one most appropriate box only)

Case # : 06-90270-JHAD
Debtor.: LYTVYNENKO
Judge..: JOHN HARGROVE
Chapter: AD

Filed: April 26, 2006
Deputy: KDURAN
Receipt: 191044
Amount: $250.00

- ☐ 454 To recover money or property
- ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ■ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 434 To obtain an injunction or other equitable relief
- ■ 498 Other (specify)   Declaratory Relief
- ■ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan

ORIGIN OF PROCEEDING (Check one box only):    ■ 1 Original Proceeding    ☐ 2 Removed Proceeding    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another Bankruptcy Court    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND<br>$ 190,000 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>John A. Tagliapietra | BANKRUPTCY CASE NUMBER<br>05-13698-H7 | | |
|---|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District | DIVISIONAL OFFICE | NAME OF JUDGE<br>John J. Hargrove | |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only)    ■ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>April 26, 2006 | PRINT NAME<br>DENNIS D. BURNS | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ |
|---|---|---|

B-104

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

```
Dennis D. Burns, Esq.
Law Offices of Dennis D. Burns
7855 Ivanhoe Avenue, Suite 420
La Jolla, California 92037
Telephone: (858) 551-1530
Facsimile: (858) 551-1520

Attorneys for Oksana Lytvynenko
```

```
Case # : 06-90270-JHAD
Debtor.: LYTVYNENKO
Judge..: JOHN HARGROVE
Chapter: AD
-------------------------------
Filed   : April 26, 2006  15:30:17
Deputy : K DURAN
Receipt: 191044
Amount : $250.00
-------------------------------
```

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>    John A. Tagliapietra,<br><br>        Debtor,<br><br>Oksana Lytvynenko,<br><br>        Plaintiff,<br><br>vs.<br><br>John A. Tagliapietra and Laura Smith, Does 1 - 20, inclusive,<br><br>        Defendants. | CASE NO.  05-13698-H7<br><br>ADVERSARY CASE NO.<br><br>COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523; OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727 AND DECLARATORY RELIEF |

Plaintiff, an individual, by and through her attorney, DENNIS D. BURNS, requests this Court to determine that her debt from Debtor/Defendant, John A. Tagliapietra, is excepted from discharge under Bankruptcy Code Section 523 and/or to deny the Debtor's discharge pursuant to Section 727 and that the declaratory relief as set out herein be granted against Defendant Laura Smith.

///

///

---

Oksana Lytvynenko Adversary Complaint                                          CASE NO. 05-13698-H7

## JURISDICTION AND PARTIES

1. Plaintiff, Oksana Lytvynenko (hereinafter "Plaintiff") is an individual, is a citizen of the Ukraine, has permanent resident status, resides lawfully in the United States with her primary residence located within the County of San Diego, State of California.

2. Debtor/Defendant John A. Tagliapietra (hereinafter "Tagliapietra") is an individual whose primary residence is located within the County of San Diego, State of California.

3. Defendant, Laura Smith (hereinafter "Smith") is an individual whose primary residence is located within the County of San Diego, State of California.

4. This is an adversary action brought pursuant to Federal Rules of Bankruptcy Procedure Rules 4007 and 7001.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334 and General Order 312(D) of United States District Court Southern District of California.

6. This is a core proceeding pursuant to 28 U.S.C. §157.

## GENERAL ALLEGATIONS

7. On October 14, 2005, Tagliapietra filed his voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of California (hereinafter the "Bankruptcy Case").

8. This is an adversary proceeding for declaratory relief and to determine the dischargeability of the debts owed by Tagliapietra to Plaintiff.

9. Plaintiff is informed and believes that on or about January 2002 through on or about June 2005, Tagliapietra caused Plaintiff to advance to Tagliapietra for the purpose of constructing a residence on the real property, commonly referred to as 14933 Huntington Gate

1  Drive, Poway, California 92064, (hereafter "Real Property") funds in
2  excess of $190,000 for extensions, renewal, and forbearance of
3  credit thereon.  Various promissory notes were issued and exchanged
4  in said period between the parties until on or about June, 2005.

5      10.  The parties were married on August 31, 2003.

6      11.  Oksana made said advances based on Tagliapietra's
7  representations and omissions that:

8          a.  All of said funds would be used on making improvements
9  to Real Property, that Tagliapietra alleged he held sole title to,
10 so as to enhance the value of said Real Property;

11         b.  Plaintiff would be placed on title once the parties
12 were married and the advances would be secured against said Real
13 Property until title to said Real Property could be transferred to
14 Plaintiff;

15         c.  Tagliapietra alleged at all times, that he was the
16 sole owner of the Real Property and, as a result, all equity in said
17 property created by said improvement or existing prior thereto was
18 vested in Tagliapietra, her soon-to-be-husband;

19         d.  Plaintiff would profit from said advances of funds by
20 being paid interest or given a one-half interest in the Real
21 Property that exceeded the value of the advances made plus interest;

22         e.  Tagliapietra omitted to divulge that at the time said
23 advances were made, forborne or extended, that he transferred title
24 to another woman with whom he was having a personal and romantic
25 relationship and who had also lent him money;

26         f.  Funds requested of Plaintiff would be utilized to
27 cause construction improvements on Real Property residence of
28 Tagliapietra;

      g.    Funds would be "secured" against the Real Property as they were advanced by trust deed or transfer of ownership to Plaintiff;

      h.    Funds were totally secure at all times as lien against the Real Property;

      i.    If Plaintiff would forego filing of formal trust deed on Real Property, Tagliapietra would secure a loan to retire the indebtedness to Plaintiff;

      j.    Tagliapietra at all times was the sole owner of the Real Property and held title exclusively in his own name;

      k.    Tagliapietra was the obligor on the funds borrowed by Plaintiff to make the investment in Tagliapietra's Real Property;

      l.    Plaintiff's interest and other costs of her loan from the foreign entity utilized to make the investment in Tagliapietra's Real Property would be secured in full by the associated equity increases in the Real Property created by the improvements made to the Real Property from Plaintiff's advances;

      m.    Tagliapietra failed to advise Plaintiff that he was continuously and regularly depleting the equity in Real Property that was the subject matter of Plaintiff's investment by borrowing large sums of money against the Real Property and transferring ownership to and fro between himself and Smith, while claiming to be an unmarried man;

      n.    Tagliapietra concealed his personal and business relationship with Smith at the time the investments by Plaintiff were made and failed to reveal Smith's alleged interest in the Real Property;

      o.   Tagliapietra and Smith were defrauding banking and lending institutions as to their interest in the Real Property;

      p.   Tagliapietra had a "confidential agreement" with Smith regarding her alleged ownership of the Real Property which was unrecorded and affected what, if any, ownership she possessed in the Real Property.

      q.   Tagliapietra failed to advise Plaintiff that he was a convicted felon on a matter involving conversion of funds;

      r.   Tagliapietra concealed his financial condition from Plaintiff at all times herein relevant and continually asked Plaintiff to delay formalizing her interest in the Real Property and to forestall collection of her debt while Tagliapietra obtained refinancing to eliminate Tagliapietra's obligation to Plaintiff;

      s.   Tagliapietra transferred the Real Property without reasonable or adequate considerations to Smith on three occasions;

      t.   Tagliapietra, after discovery of the aforesaid fraudulent misrepresentations and omissions by Plaintiff, advised Plaintiff that Smith would also formally secure the obligation owed to Plaintiff by way of a deed of trust. However, when a document was drafted to secure said obligation, Tagliapietra forcibly attempted to take the document away from Plaintiff and as a result was arrested for spousal abuse and Plaintiff was forced to record said document without the signature of all parties on title to the Real Property.

12.   a.   Tagliapietra has failed to list his ownership of three vehicles with an admitted value in excess of $32,500.00. Said vehicles remain in Tagliapietra's possession and Plaintiff is informed and believes that title to said vehicles remains in

Tagliapietra's name. No consideration has been paid by the insiders listed as the "owner" of the vehicles on Tagliapietra's "Amended Statement of Financial Affairs."

    b. Tagliapietra has failed to disclose his "confidential agreement" with creditor, Smith, affecting what percentage of ownership she allegedly possesses in the Real Property.

    c. Tagliapietra has failed to list in his schedules and statements his investment account at Commerce Bank.

    d. Tagliapietra has failed to list in his Schedules of Statements the bank account he holds or held at Bank of America.

    e. Tagliapietra has failed to disclose in his statements and schedules the source of funds and amounts paid to his attorney, Thomas Lockhart, for representation in this bankruptcy proceeding.

    f. Tagliapietra has failed to disclose in his statements and schedules his membership and deposit with an exclusive health club.

    g. Tagliapietra has failed to disclose the award of funds from an arbitration proceeding in excess of $50,000.00 on his schedules and statements.

    h. During every refinance of the Real Property, after August 2003, Tagliapietra represented himself to the lending institutions as an unmarried man when, in truth and in fact, he was married to Plaintiff.

    13. The Real Property in California has been listed as exempt by Tagliapietra as a head of household homestead. On the date of the filing of his petition, Tagliapietra was not residing on said Real Property and was not the head of a household as that term is defined in Cal. Code of Civil Procedure §704 et seq.

14. Tagliapietra listed said Real Property as having a fair market value of $1,900,000.00, when in truth and in fact, said Real Property has a fair market value of $2,200,000.00, as of the date of the petition.

## CLAIMS AGAINST DEBTOR / DEFENDANT

### FIRST CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §523 (a)(2)(A))

15. Plaintiff repleads, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 herein.

16. Tagliapietra, through false pretenses, false representations, and/or actual fraud, obtained money, property, services, or an extension, renewal or refinancing of credit in sums according to proof at trial. In the absence of said false pretenses, false representations, and/or actual fraud by Tagliapietra, Tagliapietra would not have been able to obtain said services or funds from Plaintiff.

17. The conduct of Defendants Tagliapietra and Smith violates 11 United States Code §523 (a)(2)(A) and, therefore, Tagliapietra's indebtedness to Plaintiff constitutes a nondischargable debt.

18. As a direct result of Tagliapietra's conduct, Plaintiff suffered damages by being deprived of over $190,000 in funds, which she had borrowed at a rate of 12% interest per annum, according to proof at time of trial.

///
///
///
///

## SECOND CLAIM FOR RELIEF

## (Violation of 11 U.S.C. 523(a)(4))

19. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 herein.

20. Tagliapietra held a fiduciary relationship with Plaintiff as a result of his marriage to her and their premarital business deals.

21. Tagliapietra committed fraud and defalcation while acting in a fiduciary capacity and embezzlement and larceny.

## THIRD CLAIM FOR RELIEF

## (Violation of 11 U.S.C. § 523(a)(6))

22. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 herein.

23. Tagliapietra willfully and maliciously injured Plaintiff.

24. The conduct of Defendants Tagliapietra and Smith violate 11 U.S.C §523(a)(6) and, therefore, the indebtedness of Tagliapietra to the Plaintiff constitutes a non-dischargeable debt.

## FOURTH CLAIM FOR RELIEF

## (Violation of 11 U.S.C. §727(a)(2)(A))

25. Plaintiff repleads, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 herein.

26. Tagliapietra, with the intent to hinder, delay or defraud Plaintiff, has transferred, removed, destroyed, mutilated or concealed

1 | Plaintiff's personal and Real Property within 1 year before filing of
2 | the petition.
3 |     27. The conduct of Tagliapietra violates 11 U.S.C §727(a)(2)(A)
4 | and, therefore, constitutes a denial of discharge.

### FIFTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(4)(A))

7 |     28. Plaintiff repleads, realleges, and incorporates herein by
8 | reference each and every allegation contained in paragraphs 1
9 | through 27 herein.
10 |     29. Tagliapietra knowingly and fraudulently made a false oath
11 | or account.
12 |     30. The conduct of Tagliapietra violates 11 U.S.C §727(a)(4)
13 | and, therefore, constitutes a denial of discharge.

### SIXTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(4)(C))

16 |     31. Plaintiff repleads, realleges, and incorporates herein by
17 | reference each and every allegation contained in paragraphs 1
18 | through 30 herein.
19 |     32. Tagliapietra have knowingly and fraudulently, in connection
20 | with the case, gave, offered, received, or attempted to obtain
21 | money, property, or advantage, or a promise of money, property, or
22 | advantage, for acting or for barring to act.
23 |     33. The conduct of Tagliapietra violates 11 U.S.C. §
24 | 527(a)(4)(C) and, therefore, the indebtedness of Defendants
25 | Tagliapietra and Smith to the Plaintiff constitutes a non-
26 | dischargeable debt.
27 | ///
28 | ///

## SEVENTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. §727(a)(3))

34. Plaintiff repleads, realleges, and incorporations herein by reference each and every allegation contained in paragraphs 1 through 33 herein.

35. Tagliapietra has concealed and falsified books, documents, records, and papers from which the Tagliapietra's financial condition might be ascertained by failure to disclose assets through his claimed Homestead exemption, under his stated Real Property, failed to include personal property assets of which he has possessed and has included under creditors on his Petition as to non-existent debts.

36. The conduct of Tagliapietra violates 11 U.S.C §727(a)(3)(A) and, therefore, constitutes grounds for a denial of discharge.

## EIGHTH CLAIM FOR RELIEF

### [Determination of Dischargeability of Debt Under 11 U.S.C. §523(a)(5) [Spousal Support Obligations]]

37. Plaintiff incorporates by this reference paragraphs 1 through 36 of this complaint as though set forth fully herein.

38. On November 29, 2005, an order was issued by the Superior Court of California, County of San Diego, Family Law Division (hereinafter "Family Court"), setting temporary spousal support to be paid to Plaintiff from Tagliapietra in the monthly amount of $3,000.00. Plaintiff has received $4,000.00 to date

39. As of the Petition date, Tagliapietra was in default of his Spousal Support Order owed to Plaintiff and was in arrears by an amount not less than $8,000.00 post-filing.

---

Oksana Lytvynenko Adversary Complaint    10    CASE NO. 05-13698-H7

40. This arrearage will increase at the rate of $4,000.00 per month for each and every month beginning May 1, 2006, in which the Spousal Support Obligations are not paid.

41. The debt owed by Tagliapietra to Plaintiff is non-dischargeable under 11 U.S.C. §523(a)(5).

### NINTH CLAIM FOR RELIEF

#### (Declaratory Relief)

42. Plaintiff incorporates by this reference paragraphs 1 through 42 of this complaint as though set forth fully herein.

43. Smith has maintained a personal "romantic" relationship with Tagliapietra during all relevant time periods in which funds were advance by Plaintiff. Plaintiff is informed and believes as a result of Tagliapietra's testimony under oath at the creditor's hearing and other legal proceedings that:

   a. Smith has aided and abetted Tagliapietra in committing fraud, embezellment and larceny on the creditors of this estate, both directly and indirectly;

   b. Smith has taken title to the Real Property in question without payment of adequate consideration in various percentages ranging from 100 percent to her presently claimed interest of 50 percent with the right of survival;

   c. Smith has according to the record herein participated in acquiring loans for Tagliapietra under false pretenses and committed fraud on the various lending institutions making loans against the Real Property at issue herein;

   d. Smith has entered into a written unrecorded "Confidential Agreement" which affects her alleged right, title and interest in

1 the Real Property and has endeavored to keep such interest secreted
2 from legitimate creditors of the estate and attempting to unlawfully
3 shield the true amount of Tagliapietra's equity interest in the Real
4 Property from administration by this Court;

5    e. Smith has made payments on behalf of Tagliapietra during
6 the pendency of this proceeding and allowed Tagliapietra to claim
7 said expenses on his income and expense disclosures filed with his
8 schedules and statements while in truth and in fact Smith is the
9 sole obligor under the primary loan obligation encumbering the Real
10 Property. Smith is solely responsible for that obligation up to and
11 including all of her interest, if any, in the Real Property without
12 deduction from the interest held by Tagliapietra's bankruptcy
13 estate;

14    f. Smith has asserted, in addition to her alleged rights to a
15 one-half interest in the Real Property, a $140,000.00 unsecured
16 obligation against the estate as a direct result of the transactions
17 in which she allegedly took title to the Real Property without
18 adequate consideration all in a direct effort to deprive creditors,
19 including Plaintiff from the several hundred thousands of dollars in
20 equity that exists in this estate.

21    44. A controversy and dispute has arisen between Plaintiff on
22 the one hand and Defendants Tagliapietra and Smith on the other,
23 wherein: (1) Plaintiff maintains that the deeds allegedly creating
24 an interest in the Real Property by Smith are a legal nullity and
25 therefore do not constitute an interest of any kind upon
26 Tagliapietra's Residence; that Smith did not pay adequate
27 consideration for the alleged interest she maintains; that she is
28 solely responsible for the primary obligation against the Real

---

Oksana Lytvynenko Adversary Complaint            12            CASE NO. 05-13698-H7

Property; that she is not an unsecured creditor of this estate; that the "Confidential Agreement" she entered into with Tagliapietra cannot shield this estates interest in the Real Property; and (2) Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants Tagliapietra and Smith, and each of them, dispute this allegation, and maintain that the Deeds constitute valid and enforceable interest in the Tagliapietra's Residence which consume the equity in that residence; that Smith is an unsecured creditor of this estate; that the "Confidential Agreement" is binding against the estate whatever it's terms and; that she is not the sole obligor as to her alleged interest, if any, independent from the interest held by the bankruptcy estate.

WHEREFORE, plaintiff prays as follows:

1. On the First Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes a nondischargable debt pursuant to 11 U.S.C § 523(a)(2)(A) in an amount to be determined at trial.

2. On the Second Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes a non dischargeable debt pursuant to 11 U.S.C § 523 (a)(4) in an amount to be determined at trial.

3. On the Third Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes a non dischargeable debt pursuant to 11 U.S.C. § 523 (a)(6).

4. On the Fourth Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes a denial of discharge pursuant to 11 U.S.C § 727(a)(2)(A).

5. On the Fifth Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes grounds for a denial of discharge pursuant to 11 U.S.C § 727(a)(4)(A)).

6. On the Sixth Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes grounds for a denial a denial of discharge pursuant to 11 U.S.C § 727(a)(4)(C).

7. On the Seventh Claim for Relief for judgment, that the indebtedness of Tagliapietra to plaintiff constitutes grounds for a denial a denial of discharge pursuant to 11 U.S.C § 727(a)(3).

8. On the Eighth Claim for Relief for judgment, that the indebtedness of Tagliapietra to Plaintiff constitutes non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(5) in an amount to be proven at trial.

9. On the Ninth Claim for Relief of judgment, that the court declare that the deeds allegedly creating an interest in the Real Property by Smith are a legal nullity and therefore do not constitute an interest of any kind upon Tagliapietra's Residence; that Smith did not pay adequate consideration for the alleged interest she maintains; that she is not an unsecured creditor of this estate; that the "Confidential Agreement" she entered into with Tagliapietra cannot shield this estates interest in the Real Property.

**ON ALL CAUSES OF ACTION:**

1. For denial of discharge or, in the alternative, judgment against Tagliapietra in the sum of an amount to be determined at trial;

2. For attorneys' fees incurred herein;

3. For costs of suit incurred herein;

1   4.  For punitive damages; and

2   5.  For such other and further relief as the Court may deem
3 proper.

4 DATED: April 26, 2006                LAW OFFICES OF DENNIS BURNS

                                       _____
                                       Dennis Burns, Attorney for
                                       Plaintiff, Oksana Lytvynenko